IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BOCINA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-3262 |
| | : | |
| NORTHAMPTON COUNTY JAIL, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                                           OCTOBER 15, 2024

Plaintiff Michael Bocina, a pretrial detainee currently incarcerated at the Northampton County Jail ("NCJ"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his rights arising from events that occurred while he was a pretrial detainee at NCJ.[1] Currently before the Court are Bocina's Complaint ("Compl." (ECF No. 2)), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), and his Prisoner Trust Fund Account Statement (ECF No. 4). Also before the Court is Bocina's request for appointment of counsel (ECF No. 3). Bocina asserts claims against NCJ employees Gearheart and "Grievance Supervisor." (Compl. at 2.) He also asserts claims against Kitchen Supervisor Sabrina and Kitchen Staff Joy, who are alleged to be employees of Volunteer "Services."[2] (*Id*. at 3.) Bocina

---

[1] In his Complaint, Bocina checked boxes identifying himself as both a pretrial detainee and a convicted and sentenced state prisoner. (*See* Compl. at 4.) The publicly available docket in *Commonwealth v. Bocina*, No. CP-48-CR-0994-2024 (C.P. Northampton) reflects that Bocina was arrested on March 17, 2024 and is currently awaiting trial on charges of simple assault and harassment. (*Id*.) The docket reflects an upcoming court date on October 29, 2024. (*Id*.) An available Court Summary reflects that Bocina previously pled guilty to various criminal charges, all of which are designated as "Closed."

[2] In the caption of his Complaint, Bocina names NCJ as a Defendant, but does not refer to NCJ in the body of his Complaint. To the extent Bocina intended to assert a § 1983 claim against NCJ, he cannot do so because a jail is not a "person" under Section 1983. *Cephas v. George W*.

asserts his claims against these individuals in their official capacities.³  For the following

reasons, the Court will grant Bocina leave to proceed *in forma pauperis* and dismiss his

---

*Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).  Bocina also names Volunteer "Services" in the caption of the Complaint, but does otherwise identify or include factual allegations describing the conduct of this entity in the body of the Complaint.  The claims against Volunteer "Services," too must be dismissed.  See *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.)

³ In drafting his Complaint, Bocina checked the boxes on the form he used indicating that he seeks to name the Defendants in their official capacities only.  Bocina appears not to have understood the implication of checking the official capacity box.  Claims against municipal employees such as Gearheart, "Grievance Supervisor," Sabrina, and Joy named in their official capacity are indistinguishable from claims against the governmental entity that employs them, here Northampton County.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*  Because Bocina does not attempt to allege an official capacity claim, *see Monell*, 436 U.S. at 694 (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation) the Court will liberally construe the Complaint to assert claims against the NCJ Defendants in their individual capacities.  *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

Bocina also asserts his claims against kitchen employees Sabrina and Joy in their official capacities.  Bocina does not alleges that Sabrina and Joy are employees of NCJ, but rather that they are employed by Volunteer "Services." (Compl. at 3.)  To the extent that Volunteer "Services" is encompassed by NCJ, the official capacity claims against Sabrina and Joy will be treated as individual capacity claims for the reasons stated above.  To the extent that Volunteer "Services" is a private entity, Bocinas official capacity claims against Sabrina and Joy are not cognizable.  *See Kreis v. Northampton Cnty. Prison*, No. 21-2360, 2022 WL 4236692, at *8 (E.D. Pa. Sept. 14, 2022) (stating that official capacity claims are "inapplicable to suits against private parties where the entity is also susceptible to suit") citing *Owens v. Connections Cmty. Support Programs, Inc.,* 840 F.Supp.2d 791, 796 (D. Del. 2012) ("Generally, a suit against a [ ] public officer in his or her official capacity is used to compel that officer to take some official action [and that] concept . . . is inapplicable to suits against private parties where the entity is

Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bocina will be granted leave to file an amended complaint.

I.      FACTUAL ALLEGATIONS[4]

Bocina alleges that the events giving rise to his claims occurred between April 29, 2024 and June 25, 2024. (Compl. at 5.) During that time, he was accused of eating "ODR,"[5] including salad, vegetables, and dressing, which he asserts were Kosher/Parve. (*Id*.) He further alleges that after he was fired from his kitchen job, the kitchen staff began denying him his Kosher meals. (*Id*.) He alleges that he is currently unaware of any resulting injuries, though he does refer to mental anguish in his request for relief. (*Id*.)

Bocina asserts that he was denied his Kosher meals as a form of punishment for a period of 56 days, after which is special diet was reinstated. (*Id*. at 7.) He asserts claims for violation of his First, Eighth, and Fourteenth Amendment rights. (Compl. at 3.) He requests acknowledgement of wrongdoing by the Defendants and the NCJ "establish a substantial list of Kosher options." (*Id*. at 5.)

Attached as Exhibits to Bocina's Complaint is a "Grievance Review System Response" dated June 3, 2024 finding Bocina's grievance, the nature of which is not described, not

---

also susceptible to suit."). Even if official capacity suits against individuals who work for private companies are cognizable, the suit would, in effect, be one against the company for whom that individual works. *See Graham,* 473 U.S. at 105. Since Bocina has not attempted to name Volunteer Services as a Defendant, the official capacity claims against its employees are dismissed. *Accord Burk v. West*, No. 21-4968, 2021 WL 5758945, at *2 (E.D. Pa. Nov. 24, 2021).

[4] The factual allegations set forth in this Memorandum are taken from Bocina's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[5] Bocina does not explain what this acronym stands for.

grievable because the undisclosed conduct complained of was "part of disciplinary action." (ECF No. 2-1 at 2.)  The Response permits Bocina to write an appeal to the Deputy Warden of Security.  (*Id*.)  Also attached to the Complaint is a completed "Grievance Review System Deputy Warden Response."  (*Id*. at 1.)  The Response reflects that Bocina was removed from the Kosher diet list because kitchen staff and volunteer services reported that while Bocina was working in the kitchen from April 23, 2024 through April 29, 2024, he did not follow his Kosher diet despite instructions to do so, and because he had purchased non-Kosher items from the commissary.  (*Id*.)  The Response further reflects that the Deputy Warden who prepared the Response was willing to reinstate Bocina's Kosher diet, providing he followed it.  (*Id*.)

## II.     STANDARD OF REVIEW

The Court will grant Bocina leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . .

---

[6] Because Bocina is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Bocina is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

A complaint also may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).

"[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). The important consideration for the

Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 94. Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.   DISCUSSION

Bocina asserts claims based on alleged violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode*, 845 F.2d at 1207; *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Bocina's Complaint cannot proceed as pled. Although Bocina asserts claims against Gearheart, "Grievance Supervisor," Sabrina, and Joy, he includes no factual allegations in his Complaint describing any conduct engaged in by these Defendants. *See Rode,* 845 F.2d at 1207. The allegations in the Complaint do not provide enough information to put the named Defendants on notice of the basis for the claims against them, and the Court concludes that

Bocina's allegations do not support any plausible claim against the named Defendants in accordance with Rule 8. Therefore, the Court will dismiss the Complaint in its entirety. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). Bocina will be granted leave to file an amended complaint.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Bocina leave to proceed *in forma pauperis*, and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bocina will be granted leave to file an amended complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). His Motion for Appointment of Counsel will be denied without prejudice.[7]

An appropriate Order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**

---

[7] *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (before exercising discretion to appoint counsel "the district court must consider as a threshold matter the merits of the plaintiff's claim"). Because the Court has dismissed Bocina's Complaint, at this time his motion will be denied without prejudice to Bocina's right to file a renewed motion in the future in accordance with the factors set forth by the United States Court of Appeals for the Third Circuit in *Tabron*.