IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BOCINA,<br>　　Plaintiff,<br><br>v.<br><br>NORTHAMPTON COUNTY JAIL, *et al.*,<br>　　Defendants. | :<br>:<br>:<br>:　CIVIL ACTION NO. 24-CV-3262<br>:<br>:<br>: |

**MEMORANDUM**

**KENNEY, J.**                                                              **JUNE 9, 2025**

Plaintiff Michael Bocina, who is currently incarcerated at SCI Frackville, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights arising from the alleged denial of kosher meals while incarcerated at Northampton County Jail. (ECF No. 2.) Upon statutory screening of Bocina's Amended Complaint, ("Am. Compl." (ECF No. 8), the Court granted Bocina leave to proceed *in forma pauperis* and directed service of the claims that survived screening upon Defendants Deb Scarpantonio, Sabrina Cassiolli, Joy Bettuccio, and Colleen Hammerstone. (ECF No. 12.) Currently before the Court is a Motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by the four Defendants seeking dismissal of Bocina's Amended Complaint. (ECF No. 17.) Bocina timely filed a Response. (ECF No. 21.) For the following reasons, the Motion will be granted without prejudice to Bocina filing a second amended complaint.

**I.     FACTUAL ALLEGATIONS**[1]

---

[1] The factual allegations set forth in this Memorandum are taken from Bocina's Amended Complaint (ECF No. 8). The Court adopts the pagination supplied by the CM/ECF docketing system to all cited documents. Where appropriate, grammar, spelling, and punctuation errors in Bocina's pleadings will be corrected for clarity. Bocina's Amended Complaint includes three

The allegations in Bocina's Amended Complaint are brief. He asserts in pertinent part that while incarcerated at Northampton County Jail, "[b]etween the dates of April 29, 2024 and June 25, 2024 during inmate chow hall (breakfast, lunch, and dinner) each of the Defendants at their scheduled working time denied Plaintiff's kosher meal" despite him being on the approved list for kosher meals. (ECF No. 8 at 12.) He states that "several correctional officers witnessed and attempted to resolve Plaintiff's dietary denials. Mainly Officer Sullivan, who had presented an updated dietary list stating Plaintiff was to receive a kosher meal . . . ." (*Id.*) He further asserts that denial of his kosher meals was the result of a "disciplinary action" after he ate food from the Officer Dining Room and ordered non-kosher items from the prison commissary. (*Id.* at 13-14.) He was ultimately "refused religious meal accommodations for 56 days" before being reinstated after filing a grievance and appeal. (*Id.*) As relief for his claims, Bocina seeks monetary damages. (*Id.* at 13)

## II.  STANDARD OF REVIEW

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported

---

handwritten pages referred to as Attachments (A)-(E). (*See id.*) The Court considers the entire filing to constitute the Amended Complaint.

by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). It is the defendant's burden to show that a complaint fails to state a claim. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (explaining that on a Rule 12(b)(6) motion to dismiss, the "defendant bears the burden of showing that no claim has been presented"). In resolving a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). To determine whether a complaint filed by a *pro se* litigant states a claim, a court must accept the facts alleged as true, draw all reasonable inferences in favor of the plaintiff, and "ask only whether that complaint, liberally construed contains facts sufficient to state a plausible . . . claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (*pro se* filings are construed liberally). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

**III.     DISCUSSION**

Bocina asserts a First Amendment freedom of religion claim against the four Defendants, alleging they denied him kosher meals despite being on the daily dietary list to receive them. (*See generally* Am. Compl.)  The Defendants seek dismissal of the claim on the grounds that Bocina does not allege they were personally involved in the violation of his civil rights and that, other than being named in the caption of the Amended Complaint, they are not "meaningfully discussed anywhere else in the body of the complaint."  (ECF No. 17 at 5 ¶ 24; 10.)

The United States Supreme Court has recognized that the First Amendment guarantees that all prisoners must be afforded reasonable opportunities to exercise their religious freedom. *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972); *see also O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) ("Inmates clearly retain protections afforded by the First Amendment, . . . including its directive that no law shall prohibit the free exercise of religion.") (citations omitted).  However, in order to state a plausible Free Exercise claim, a plaintiff must allege a "substantial burden" on the exercise.  *Thomas v. Review Bd.*, 450 U.S. 707, 718 (1981); *Wisconsin v. Yoder*, 406 U.S. 205, 218 (1972).  Courts have held that failing to provide kosher meals can fall within the ambit of a substantial burden.  *See Norwood v. Strada*, 249 F. App'x 269, 271 (3d Cir. 2007) (*per curiam*) ("Requiring a prisoner to eat food forbidden by his religion's dietary regimen may 'substantially burden' one's religious practice and the cases generally indicate that prison administrators must provide an adequate diet without violating an inmate's religious dietary restrictions in order not to unconstitutionally burden free exercise rights.") (citations omitted).

Bocina alleges that during a two-month period in 2024 the four Defendants "at their scheduled working time denied Plaintiff's kosher meal" but does not refer to the individual actions of any specific Defendant.  (*See* ECF No. 8 at 12.)  This is insufficient to allege personal involvement.  *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (agreeing with the

district court that the repeated and collective use of the word "Defendants" "fail[ed] to name which specific Defendant engaged in the specific conduct alleged'"). Much of Bocina's Amended Complaint discusses his efforts to resolve the issue informally and through the jail's grievance process but does not refer to any actions by specific Defendants. (*See* Am. Compl. at 12-14.) Although Rule 8 of the Federal Rules of Civil Procedure "does not require detailed factual allegations . . . naked assertion[s], devoid of further factual enhancement" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quotation marks omitted). The court cannot draw from the brief allegations in the Amended Complaint the reasonable inference "that [each named] defendant is liable for the misconduct alleged." *Id*.

In his brief Opposition to Defendants' Motion, Bocina fails to address their argument that the Amended Complaint lacks allegations of personal involvement as to each Defendant. (*See* ECF No. 21.) Instead, he attaches a series of grievance documents related to the alleged denial of his kosher meals, which he insists "clearly support" his First Amendment claims.[2] (*Id*. at 2-11.) These documents largely repeat the facts contained in his Amended Complaint, and, aside from the brief allegation in an attached grievance that, "[m]y [kosher] meals have been denied by Sabrina in the kitchen and [I have been] forced to eat non-kosher foods against my religion[,]" they do not reference the specific actions of the Defendants. (*Id*. at 3.)

---

[2] "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Because Bocina's claims relate to the allegations made in his grievances, as well as the responses from prison officials, the Court may consider these documents without converting Defendants' Motion into a motion for summary judgment.

5

The Court therefore agrees with Defendants that Bocina's Amended Complaint fails to sufficiently allege the personal involvement of each Defendant in the violation of his rights, and thus his First Amendment claims are not plausible. *See Rode*, 845 F.2d at 1207; *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). The Court will therefore grant the Motion to Dismiss, dismiss the Amended Complaint, and permit Bocina the opportunity to file a second amended complaint if he can allege with greater specificity how each Defendant was personally involved in a violation of his civil rights.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss the Amended Complaint without prejudice. The Court will permit Bocina an opportunity to file a second amended complaint if he can allege additional facts as to the personal involvement of the Defendants in the violation of his rights. An appropriate Order with additional information about amendment will be entered separately.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, J.**